Filed 7/16/13  In re Anthony E. CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| In re ANTHONY E., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE, | F066337 |
| Plaintiff and Respondent, | (Super. Ct. No. JJD065887) |
| v. | |
| ANTHONY E., | **OPINION** |
| Defendant and Appellant. | |

### THE COURT*

APPEAL from a judgment of the Superior Court of Tulare County.  Jennifer Shirk, Judge.

Linda K. Harvie, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

\*      Before Wiseman, Acting P.J., Levy, J., and Detjen, J.

On October 31, 2012, appellant, Anthony E., admitted violating his probation in Tulare County Superior Court case No. JJD065887.

On November 15, 2012, the court committed Anthony to the Tulare County Juvenile Ranch Camp. Following independent review of the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436, we affirm.

## FACTS

On January 19, 2012, the prosecution filed a first amended petition charging Anthony with possession of live ammunition by a minor (former Pen. Code, § 12101, subd. (b)(1)) and carrying a dirk or dagger (former Pen. Code, § 12020, subd. (a)(4)).

On February 24, 2012, Anthony admitted the petition allegations contingent upon the court granting him deferred entry of judgment (DEJ).

On March 26, 2012, the court found Anthony not suitable for DEJ and Anthony withdrew his admission of the two charges.

On June 13, 2012, Anthony admitted the possession of a dirk or dagger charge as a misdemeanor and the remaining charge was dismissed. The court then placed Anthony on formal probation and placed him in the custody of his mother.

On July 2, 2012, the district attorney filed a petition charging Anthony with possession of live ammunition by a minor, a misdemeanor.

On July 3, 2012, Anthony admitted the charge and was again placed on formal probation. However, after that date, Anthony did not attend school, anger management classes or substance abuse counseling as required by his terms and conditions of probation. Additionally, Anthony's house was a known gang hangout to Visalia police officers and on several occasions gang members were seen by officers congregating inside and outside his residence.

On October 26, 2012, Anthony was with two documented gang members at his residence when he was arrested for violating his probation.

On October 30, 2012, the probation department filed a notice of probation violation alleging Anthony was in violation of his terms and conditions by continuing to communicate and associate with gang members and associates, possessing illegal substances, failing to attend school, and failing to attend substance abuse and anger management counseling.

On October 31, 2012, Anthony admitted the alleged probation violations.

On November 15, 2012, the court set Anthony's maximum term of confinement at one year two months and it committed him to the Tulare County Juvenile Ranch Camp for a maximum term of 365 days.

Anthony's appellate counsel has filed a brief which summarizes the facts, with citations to the record, raises no issues, and asks this court to independently review the record. (*People v. Wende*, *supra*, 25 Cal.3d 436.) Anthony has not responded to this court's invitation to submit additional briefing.

Following an independent review of the record we find that no reasonably arguable factual or legal issues exist.

## **DISPOSITION**

The judgment is affirmed.